PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE NICHOL SZARELL, | ) | |
| | ) | CASE NO. 5:20-CV-1232 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KELLY MCGLAUGHLIN, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

In this *pro se* action, Plaintiff Danielle Szarell has filed a civil rights complaint against

Summit County Court of Common Pleas Judge Kelly McGlaughlin  ECF No. 1.[1]  She has also

filed a Motion to Proceed *in forma pauperis.*  ECF No. 2.

### I. Background

In the Complaint, Szarell objects to actions taken by Judge McGlaughlin in 2019 in a

Summit County Court of Common Pleas case.  *See* ECF No. 1 at PageID #: 4.  She contends the

judge issued a capias for her arrest after she missed court, and that after she appeared, "sheriffs

transported [her] to the SUMMA City hospital where [she] was forced to give [birth by] cesceran

[sic] section under intimidation without ever being in labor."  *Id.*  She alleges she was in shackles

before, during, and after delivery, that "Children Services got involved and took [her] baby," and

---

[1] Szarell has filed two prior cases in this district.  She filed a prior *in forma pauperis* action in this Court against Summit County Juvenile Magisrate Lee Ann Schaffer, *see Szarell v. Schaffer*, Case No. 5: 20-CV-1231.  In addition, she filed a complaint in 2019 that was summarily dismissed by Judge Lioi.  *Szarell v. Summit County Court of Common Pleas, et al.*, Case No. 5: 18-CV-2975 (N.D. Ohio Aug. 11, 2019).

(5:20-CV-1232)

that she "wasn't allowed to make a call to anyone but in the end McGlaughlin said" she could go

home.  *Id.*[2]  Szarell contends that Judge McGlaughlin violated multiple federal and state statutes,

including criminal statutes.  *Id.* at PageID #: 3.  She seeks $50,000,000.00 of monetary relief.  *Id.*

at PageID #: 5.

On September 10, 2020, Szarell filed a "Motion for Summary Judgment(s)."  ECF No. 4.

This is a seventy-five page document consisting of unclear and conclusory legal assertions and

rhetoric and complaints about Judge McGlaughlin, including those she asserted in her Complaint

described above.  *Id.*

## II.  Standard of Review and Discussion

Federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen

all *in forma pauperis* complaints, and to dismiss before service any such complaint that the court

determines is frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F.3d

468, 470-71 (6th Cir. 2010).  In order to survive a dismissal for failure to state a claim, the

complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face."  *Id.* (holding that the dismissal standard articulated in *Bell Atlantic Corp.*

---

[2] Although Szarell does not specifically identify a Summit County Court of
Common Pleas case in her Complaint, her Complaint apparently concerns *State of Ohio
v. Szarell*, CR 2011-04-1079, in which she was indicted on charges of attempted murder,
aggravated arson, and arson and entered a plea of not guilty by reason of insanity.  The
trial court found her to be a mentally ill person subject to hospitalization.  *See State of
Ohio v. Danielle Nichol Smith*, Case No. 28102, 2017 WL 1450519 (Ohio Ct. App. Apr.
19, 2017).  A June 8, 2020 journal entry in the trial court case indicates the case is still
open and that Judge McGlaughlin has ordered ongoing clinical management and forensic
monitoring.

(5:20-CV-1232)

*v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) governs dismissals of *pro se* complaints under § 1915(e)(2)(B)).  To do so, the complaint's "allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

Even according Szarell's Complaint the deference to which a *pro se* pleading is entitled, the Court finds it must be dismissed.

"It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions."  *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967)). Absolute judicial immunity shields judicial officers from damages suits arising out of the performance of their judicial functions even when they act erroneously or in bad faith.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  There are only two sets of circumstances in which a judicial officer is not entitled to immunity.  A judge is not immune from liability for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or for actions "taken in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11-12.

Szarell's allegations against Judge McGlaughlin clearly pertain to conduct occurring during the performance of the Judge's official judicial functions in connection with a state case involving Szarell in Summit County.  Szarell has not alleged or articulated facts plausibly suggesting that Judge McGlaughlin took any action falling outside of the scope of her absolute judicial immunity.

(5:20-CV-1232)

### III.  Conclusion

Accordingly, Szarell's Motion to Proceed *in forma pauperis* (ECF No. 2) is granted, and her Complaint (ECF No. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The pending Motion for Summary Judgment(s) (ECF No. 4) is denied as moot.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


   October 29, 2020                                 */s/ Benita Y. Pearson*           
Date                                             Benita Y. Pearson
                                             United States District Judge